UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOMES, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-0781 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants were deliberately indifferent to his mental health needs. Presently before the court is defendants' fully briefed motion for summary judgment. For the reasons set forth below, the undersigned will recommend that the motion be denied and that an evidentiary hearing be held to determine whether plaintiff exhausted administrative remedies.

**BACKGROUND**

**I.    Relevant Procedural History**

Plaintiff initiated this action by filing the original complaint. (ECF No. 1.) Upon screening the undersigned determined the complaint contained a potentially cognizable deliberate indifference claim against defendants Hudspeth and Gomes. (ECF No. 5.) Defendants were served and this action was referred to the court's Post-Screening ADR (Alternative Dispute

////

Resolution) Project.  (ECF No. 12.)  Defendants moved to opt-out and this case proceeded to discovery.  (ECF Nos. 13, 14, 16.)

During the discovery process plaintiff filed an amended complaint and defendants filed an amended answer.  (ECF Nos. 21, 24.)  Thereafter, defendants moved for summary judgment (ECF No. 27), plaintiff filed an opposition (ECF No. 28), and defendants filed a reply (ECF No. 30).

**II.     Allegations in the Amended Complaint**

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at California State Prison, Sacramento (CSP-SAC).  (ECF No. 21 at 1.)  Plaintiff has identified CSP-SAC correctional officers Gomes and Hudspeth as defendants in this action.  (Id. at 2.)

On October 7, 2020, plaintiff told officer Hudspeth that he was suicidal.  (Id. at 3.)  Hudspeth put plaintiff back in his cell.  Plaintiff "swallowed several pain medication bottles in front of [officer] Hudspeth."  Hudspeth walked away.  Plaintiff's cellmate, Ahmad Jones, yelled, "he's trying to kill himself."  Jones tried to call officer Gomes who was working nearby.  When Hudspeth came by for count at 9:00 p.m.  Jones told Hudspeth that plaintiff swallowed several bottles of pills, but Hudspeth ignored him.  Jones broke out of the cell windows to get plaintiff medical attention.

He further alleges that both Hudspeth and Gomes were aware plaintiff swallowed multiple pill bottles, but they failed to ensure plaintiff got medical attention.  (Id. at 4.)  Hudspeth and Gomes left without calling for plaintiff to receive medical attention.  Plaintiff had to wait until around 11:00 p.m. when he received help from the first watch correctional officers.  (Id.)

**MOTION FOR SUMMARY JUDGMENT**

**I.     The Parties' Briefing**

**A. Defendants' Motion**

Defendants argue the court should grant summary judgment in their favor because plaintiff failed to properly exhaust administrative remedies before filing this case.  (ECF No. 27.)  Specifically, they indicate that plaintiff was informed he could file an appeal following the first-level decision, but he did not submit his appeal for second level review.  (Id. at 6, 8-9.)

2

### B. Plaintiff's Opposition

In his opposition plaintiff argues that he exhausted the administrative remedies available to him because he submitted his appeal for second level review via institutional mail. (ECF No. 28 at 1-2.) Plaintiff acknowledges that he did not receive a response from the Office of Appeals. (Id. at 4.) However, he argues that prison officials could have lost or failed to submit his appeal for second level review. (Id. at 2-4.)

### C. Defendants' Reply

Defendants argue that plaintiff's allegation that prison staff lost or failed to process the grievance he claims he mailed to the Office of Appeals is not sufficient to create a genuine issue of material fact. (ECF No. 30.)

## II. Summary Judgment Standards

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On a motion for summary judgment, it is inappropriate for the court to weigh evidence or resolve competing inferences. "In ruling on a motion for summary judgment, the court must

leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' to the jury." Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208, 210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

### III. Material Facts

Defendant filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule 260(a) along with their motion for summary judgment. (ECF No. 27-2.) Plaintiff's filings in opposition to defendant's motion for summary judgment fails to comply with Rule 260(b). (See ECF Nos. 28, 29.) Rule 260(b) requires that a party opposing a motion for summary judgment "shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." However, in light of plaintiff's pro se

////

5

1   status the court has reviewed plaintiff's filings in an effort to discern whether he denies any
2   material fact in defendant's statement of undisputed facts.
3       The court is mindful of the Ninth Circuit's instruction that district courts are to "construe
4   liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary
5   judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Accordingly,
6   the court considers the record before it in its entirety despite plaintiff's failure to be in strict
7   compliance with the applicable rules. However, only those assertions in the opposition that have
8   evidentiary support in the record will be considered.

### A. Undisputed Facts

10  At all times relevant to the claim, plaintiff was incarcerated by the California Department
11  of Corrections and Rehabilitation ("CDCR"), incarcerated at California State Prison, Sacramento
12  ("CSP-SAC"). (DSUF (ECF No. 27-2) at ¶ 1, 2.)
13      CDCR and CSP-SAC has an administrative grievance procedure in place for inmates to
14  use to exhaust complaints. (DSUF (ECF No. 27-2) at ¶ 3.) Plaintiff utilized the grievance
15  process by filing an administrative grievance. (DSUF (ECF No. 27-2) at ¶ 4.) Plaintiff submitted
16  one grievance related to the allegations in the complaint. (DSUF (ECF No. 27-2) at ¶ 5.) The
17  grievance was submitted on October 19, 2020 and assigned log number 50250. (DSUF (ECF No.
18  27-2) at ¶ 5, 6.)
19      The Office of Grievance issued a response to grievance log No. 50250 on December 3,
20  2020. The response advised plaintiff that if he was unsatisfied with the decision, he could file a
21  602-2 appeal form with the Office of Appeals. (DSUF (ECF No. 27-2) at ¶ 7.) Records from the
22  Office of Appeals indicate that plaintiff did not file an appeal associated with grievance log No.
23  50250. (DSUF (ECF No. 27-2) at ¶ 8.)
24      Records indicate that plaintiff did not file any other grievances related to his allegations in
25  this action. (DSUF (ECF No. 27-2) at ¶ 9.)
26      Grievance log No. 50250 alleged that defendants violated plaintiff's rights on October 7,
27  2020, by failing to provide plaintiff medical and mental health treatment after he told them he was
28  suicidal and swallowed multiple pills. (DSUF (ECF No. 27-2) at ¶ 6.)

**B. Disputed Facts**

Plaintiff admits all of facts in defendants' statement of undisputed facts except fact number 5, which states that plaintiff only submitted one grievance related to his underlying claims in this action. (ECF No. 28 at 1-2.) Plaintiff states that he placed the second level grievance in the mail around January 14, 2021. (Id. at 4.) In support of his opposition, plaintiff has provided his own declaration stating that he submitted a second level appeal of grievance log No. 50250 by placing it in an envelope addressed to the Office of Appeals with proper postage and setting it in his tray slot for an officer to pick it up. (ECF No. 29 at 1-2.)

**IV.     Discussion**

   **A. Legal Standards – Exhaustion of Administrative Remedies**

       **1.  PLRA Exhaustion Requirement**

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . . or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

       **2.  California's Inmate Appeal Process**

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). California prisoners may "submit a written grievance to the department containing one or more claims . . . to dispute a policy, decision, action, condition, or omission by the department or departmental staff." Cal. Code Regs. tit. 15, § 3481(a). During the time period relevant to this action,[1] the grievance process consisted of two levels of review. Inmates are required to submit a

---

[1] In 2020, California changed the grievance system from a three-tier system to a two-tier system. The change became effective on June 1, 2020, after plaintiff initiated the relevant appeal in the

1 grievance in writing to the Institutional Office of Grievances at the institution where they are
2 housed within sixty days. Cal. Code Regs. tit. 15, § 3482(b)(1).  The Office of Grievances is
3 required to issue a written grievance decision within sixty days. Cal. Code Regs. tit. 15, §
4 3483(g). If the inmate is dissatisfied, they may submit an appeal to the Office of Appeals within
5 sixty days of receiving the Office of Grievance decision. Cal. Code Regs. tit. 15, § 3484(b). In
6 general, an appeal is exhausted when the Office of Appeals issues a final decision. Cal. Code
7 Regs. tit. 15, § 3485(l).

8        A California prisoner is required to submit an appeal at the appropriate level and proceed
9 to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.
10 2005); Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). In submitting a grievance, an
11 inmate is required to "describe all information known and available to [him] regarding the claim
12 including key dates and times, names and titles of all involved staff members (or a description of
13 those staff members), and names and titles of all witnesses, to the best of the claimant's
14 knowledge" and "include all supporting documents available to the claimant related to the claim
15 or identity to the best of the claimant's ability all relevant records with sufficient specificity for
16 those records to be located." Cal. Code Regs. tit. 15, § 3482(c)(2), (c)(4).

17     **B.  Analysis**

18       The parties agree that plaintiff filed a grievance relative to his claims in this action. They
19 also agree that there is no record indicating that a second level appeal was received by the Office
20 of Appeals. Plaintiff has alleged that he placed a second level appeal in an envelope addressed to
21 the Office of Appeal with postage and set it out for an officer to pick up. Defendants claim that
22 plaintiff's account is speculative and conclusory. (ECF No. 30 at 1.)

23       Failure to exhaust is "an affirmative defense the defendant must plead and prove." Bock,
24 549 U.S. at 204, 216; Wyatt, 315 F.3d at 1119. The evidence defendants have submitted in
25 support of their motion for summary judgment is insufficient to show that plaintiff did not place a

---

27 present case. See Cal. Code Regs. tit. 15, § 3480. The events giving rise to the claim occurred in October 2020, after the change became effective. All citations to the California code in the text
28 refer to the current version of the law.

8

second level out for an officer to place in the institutional mail.  See Williams v. Hickman, 2009 WL 2379979 at *4 (E.D. Cal. July 30, 2009) (when raising the affirmative defense of failure to exhaust defendants must "affirmatively prove a failure to exhaust those remedies rather than merely point out plaintiff's lack of evidence.").

Defendants have put forth evidence showing that there is no record that plaintiff submitted an appeal for second level review.  However, there is nothing in their motion that contradicts plaintiff's account that he put his appeal out for an officer to pick up.  Pursuant to the prison mailbox rule, an inmate's document has been deemed filed once it is given to an officer for pick up.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) quoting Houston v. Lack, 487 U.S. 266, 270 (1988) ("notice is deemed filed on the date the prisoner 'delivered the notice to prison authorities for forwarding to the [d]istrict [c]ourt'").  Further, defendants have not put forth any evidence affirming or opposing plaintiff's claims related to prison mail procedures.

Plaintiff has also alleged that he was unable to file his appeal right away because he tested positive for COVID-19 and was moved to a quarantine unit.  (ECF No. 29 at 1-2.)  Plaintiff further alleges that he was not able to file the appeal while quarantined because the quarantine unit did not allow inmates to send mail.  (Id. at 2.)  Defendants have not provided any evidence contrary to this allegation.

Plaintiff further argues that inmates have no way of proving which officer received, processed, and or delivered the mail.  (ECF No. 28 at 3.)  He cites Dole v. Chandler, 438 F.3d 804 (7th Cir. 2006), in support of his argument that if grievance personnel do not respond to an inmate's grievance that inmate's administrative remedies are rendered unavailable.  In Dole, the Seventh Circuit held that the plaintiff followed procedure and prison officials mishandled his grievance, and thus, plaintiff did not fail to exhaust. 438 F.3d at 811.  Additionally, plaintiff should not have to make repeated attempts to submit his appeal to be deemed to have satisfied the exhaustion requirement.  See Cato v. Darst, No. 2:14-cv-0959 TLN KJN P, 2016 WL 1734759, at *7 (E.D. Cal. May 2, 2016) (prisoner not obligated to continue trying to exhaust administrative remedies after prison officials thwart his attempts to do so).

////

Defendants argue that the court should disregard plaintiff's declaration in support of his opposition because it is self-serving. However, "the Court may not make credibility determinations or weigh conflicting evidence when ruling on Defendant's motion for summary judgment." Grant v. Rios, No. 1:20-cv-0908 JLT EPG (PC), 2022 WL 1241361 at *8 (E.D. Cal. Apr. 27, 2022), findings and recommendations adopted in part and rejected in part on other grounds in Grant v. Rios, 2022 WL 2080053 at *1 (E.D. Cal. June 9, 2022).

The court declines to determine that plaintiff failed to exhaust on the record before it. See Gaines v. California Department of Corrections, No. 1:15-cv-0587 JLT SAB, 2019 WL 4243230, at *14 (E.D. Cal. Sept. 6, 2019) (finding genuine issue of material fact precluding summary judgment where the plaintiff put forth a declaration stating he placed a grievance form in the institution's mail). In light of the parties' factual dispute, the court will recommend that defendants' motion for summary judgment be denied, and this matter be set for evidentiary hearing to determine whether plaintiff exhausted administrative remedies relative to his claim in this action. Albino, 747 F.3d at 1168 ("If summary judgment is not appropriate, the district judge may decide disputed questions of fact in a preliminary proceeding.").

**CONCLUSION**

For the reasons set forth above, the Clerk of the Court is ORDERED to randomly assign this action to a district judge.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 27) be denied; and

2. An evidentiary hearing be set to determine whether plaintiff exhausted administrative remedies by filing a second level appeal regarding his claim that defendants failed to adequately respond to his serious mental health needs.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 22, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/powe0781.msj fr