UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>Plaintiff,<br><br>v.<br><br>GOMES, et al.,<br><br>Defendants. | No. 2:21-cv-0781 DJC DB P<br><br>ORDER TO SHOW CAUSE |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants were deliberately indifferent to his mental health needs. For the reasons set forth below, counsel for defendants and the Warden at North Kern State Prison will be directed to show cause in writing why sanctions should not be imposed.

**I.   Background**

On May 2, 2023, the District Court denied defendants' motion for summary judgment and referred this matter back to the undersigned for an evidentiary hearing to determine whether plaintiff exhausted administrative remedies. (ECF No. 34.) Donald A. Lancaster Jr. was selected from the Court's Pro Bono Attorney Panel to represent plaintiff for the limited purpose of resolving the exhaustion issue at an evidentiary hearing. (ECF No. 35.) By order dated August 7, 2023, an evidentiary hearing was set to take place via Zoom on November 16, 2023. (ECF No. 36.)

1

**II.     November 16, 2023, Hearing**

On November 16, 2023, the undersigned commenced an evidentiary hearing via Zoom. (ECF No. 43.) Attorney Donald Lancaster appeared on behalf of plaintiff who was also present via Zoom. Deputy Attorney General Garrett Seuell and Supervising Deputy Attorney General Tyler Heath appeared via Zoom on behalf of defendants. All parties consented to proceed with the hearing via Zoom.

Defendants' witness list identified three witnesses that would testify at the evidentiary hearing: David Contreras, Michael Gallegos, and Howard Moseley. (ECF No. 38.) Plaintiff, Mr. Powell, was the sole witness identified on plaintiff's witness list. (ECF No. 39.) Just prior to the commencement of the November 16, 2023, hearing, Mr. Seuell informed court staff that Mr. Gallegos, would not be able to appear via Zoom and was only available by telephone. Mr. Seuell indicated that he learned Mr. Gallegos would only be available by telephone the day before the hearing.

The court was further advised that Mr. Contreras, would be testifying in state court at an unspecified time on the morning of November 16, 2023. Mr. Contreras planned to travel from the Sacramento Superior Court to the Office of the Attorney General in order to testify via Zoom once his state court testimony was complete. However, it was not clear when Mr. Contreras would be finished with his state court testimony. Mr. Seuell stated that he learned of Mr. Contreras's need to testify in state court two days prior to the evidentiary hearing.

In light of the unavailability of two of the three witnesses on defendants' witness list and other technical difficulties as stated on the record, the undersigned continued the hearing. Mr. Lancaster agreed to appear in person at the rescheduled hearing. The undersigned directed the parties to ascertain a date for the continued hearing and ordered all parties,[1] including the witnesses, to appear in person at the hearing. (ECF No. 44.)

////

////

---

[1] In light of plaintiff's incarceration status, he was given the option to appear in-person or via Zoom. (ECF No. 44.) He elected to appear in person.

### III. January 17, 2024, Hearing

The evidentiary hearing was continued to January 17, 2024. (ECF No. 45.) On December 20, 2023, the Court issued a writ of habeas corpus ad testificandum directing the Warden of North Kern State Prison[2] to produce plaintiff "in Court before the Honorable Deborah Barnes, 8th Floor, Courtroom 27, United States District Courthouse, 501 I Street, Sacramento, California on January 17, 2024, at 9:00 a.m. (ECF No. 46.) The writ further stated:

> **WE COMMAND** you to produce the inmate named above to testify before the United States District Court at the time and place above, and from day to day until completion of the proceedings or as ordered by the court; and thereafter to return the inmate to the above institution.

(Id.)

On January 17, 2024, the Court was advised minutes before the hearing was set to commence that the California Department of Corrections and Rehabilitation ("CDCR") had failed to transport plaintiff to Sacramento to attend and testify at the evidentiary hearing as ordered by the undersigned. (See ECF No. 48.) Given the failure to produce plaintiff to appear and testify at the evidentiary hearing, the undersigned found it necessary to continue the hearing for a second time. (Id.)

### IV. Sanctions

As set forth above, the Warden at North Kern State Prison failed to produce plaintiff to testify at the January 17, 2024, hearing and counsel for defendants failed to timely notify the Court that two of their three witnesses were unavailable to testify via Zoom at the November 16, 2023, hearing. These failures resulted in delay in the judicial proceedings and unnecessary costs to plaintiff's attorney.

---

[2] The Court notes that North Kern State Prison is located in Kern County. Kern County is part of the Fresno Division of the United States District Court for the Eastern District of California. See Eastern District Cal. Local Rule 120(d). Regardless, a writ can be issued to produce an individual outside of the district to testify. Greene v. Prunty, 938 F. Supp. 637, 638 (S.D. Cal. 1996) (The decision to issue a writ of habeas corpus ad testificandum is committed to the sound discretion of the district court.); see also Story v. Robinson, 689 F.2d 1176, 1179 (3d Cir. 1982) (federal courts have authority to issue writs of habeas corpus ad testificandum for the production of state prisoners).

The Court "has inherent power to enforce its orders by holding those who violate those orders in civil contempt and issuing corresponding sanctions." Ochoa v. Lopez, No. CV 11-9239 AG (MLGx), 2016 WL 9712071 at *1 (C.D. Cal. June 20, 2016) (citing Shillitani v. United States, 384 U.S. 364, 370 (1966)). A "district court has wide latitude in determining whether there has been a contemptuous defiance of one of its orders." Stone v. City of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992). Sanctions issued against an individual held in civil contempt serve two purposes. First, sanctions can be used to make the individual comply with the Court's order. Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992). Second, sanctions can be used to compensate the person harmed by the violation of the order for the harm caused. Id.

In light of the failure to notify the Court that two of the three witnesses were unavailable for the hearing on November 16, 2023, and CDCR's failure to produce plaintiff on January 17, 2024, counsel for defendants and the Warden of North Kern State Prison will be directed to show cause why sanctions should not be imposed.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-eight (28) days of the date of this order counsel for defendants shall show cause in writing why sanctions should not be imposed for the failure to notify the Court of the unavailability of witnesses in advance of the November 16, 2023, evidentiary hearing.

2. Within twenty-eight (28) days of the date of this order the Warden of North Kern State Prison shall show cause in writing why sanctions should not be imposed for the failure to comply with the writ of habeas corpus ad testificandum directing the warden to produce plaintiff for the hearing on January 17, 2024.

3. The Clerk of the Court is directed to serve a copy of this order on Senior Assistant Attorney General Monica Anderson, the Warden of North Kern State Prison, and the Litigation Coordinator at North Kern State Prison.

////

////

////

4. Failure to respond to this order will result in the imposition of sanctions.

Dated: January 24, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/powe0781.osc